UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**BRYSON ORNELL SAMUELS**  PLAINTIFF

**v.** CIVIL ACTION NO. 4:22-CV-P115-JHM

**DAVIESS COUNTY GOVERNMENT** *et. al.*  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bryson Ornell Samuels filed the instant *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the claims set forth in the complaint and amended complaint but will allow Plaintiff to file a second amended complaint.

**I.**

In the complaint (DN 1), Plaintiff indicates that he is incarcerated as a convicted prisoner at Daviess County Detention Center (DCDC) and that he brings this action against the Daviess County Government and DCDC Jailer Art Maglinger.[1] Plaintiff indicates that he sues Defendant Maglinger in his official capacity only. In the amended complaint, Plaintiff states that he is incarcerated as a pretrial detainee at DCDC and additionally names DCDC "Head Registered Nurse" Jenny B. Philips as a Defendant in this action. He does not indicate in what capacity he sues Defendant Philips.

Plaintiff sets forth the following allegations in the complaint:[2]

(1) On 8-8-22 whilt sleeping jail staff placed an inmate which came from quarantine in a non-infected cell away from covid that I was in. Next I got sick with Covid. At this time, me and other inmates tested positive for Covid. Prior to this day no

---

[1] Although Plaintiff indicates that the DCDC Jailer's last name is "Magiliner," the Court takes judicial notice that his last name is "Maglinger."
[2] Plaintiff makes no allegations in the amended complaint.

one had Covid and we ended with covid in our stationed cells which us at risk for serious injury.

(2) On 8-10-22 after being placed on quarantine we were again exposed while deputies let us out with other inmates during our quarantine period. This is a violation of my 8th and 14th Amendments.

As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald*

*v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

The complaint and amended complaint fail to state a claim upon which relief may be granted. Plaintiff sues Daviess County and DCDC Jailer Maglinger in his official capacity. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Maglinger is actually against his employer, Defendant Daviess County. A municipality such as Daviess County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of Daviess County. Thus, Plaintiff's claim against Daviess County and his official-capacity claim against Defendant Maglinger must be dismissed for failure to state a claim upon which relief may be granted.

As to Defendant Philips, Plaintiff's claim against her is subject to dismissal because he makes no allegations against her. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising

from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Nonetheless, before dismissing this action, the Court will allow Plaintiff the opportunity to file a second amended complaint in which he names as Defendants the DCDC officials whose actions he alleges allowed him to become infected with COVID-19 and describes the actions allegedly taken by each. *See, e.g., LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the claims set forth in the complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, Plaintiff may file a second amended complaint in which he: 1) names as Defendants the DCDC officials who allegedly violated his constitutional rights by allowing him to become infected with

COVID-19 and describes the actions taken by each Defendant; 2) sues these Defendants in their individual capacities; and 3) completes a summons form for each newly named Defendant.[3]  **In the second amended complaint, Plaintiff must also clarify whether he is a pretrial detainee or a convicted prisoner**.

If Plaintiff fails to file a second amended complaint within the time allotted, this action will be dismissed for the reasons set forth herein.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Second Amended Complaint" and the instant case number.  The Clerk of Court shall also send Plaintiff three blank summons forms with the instant case number.

Date: January 16, 2023

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Daviess County Detention Center
4414.011

---

[3] Regarding the completion of the summon form, Plaintiff must: (1) prepare a summons each Defendant; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.